UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re: BETH TRACY STOLLMAN

    Debtor.

MORGANROTH & MORGANROTH,
PLLC, DEBRA N. RIBITWER &
ASSOCIATES, and VICHOW KRAUSE &
COMPANY,

    Plaintiffs/Appellees,

v.

BETH TRACY STOLLMAN,

    Defendant/Appellant.
_____/

Bankruptcy Case No. 08-50331

Adversary Proceeding No. 09-4894

Case No. 09-cv-11487

HONORABLE STEPHEN J. MURPHY, III

**ORDER GRANTING APPELLEES' MOTION TO DISMISS** (docket no. 2)**,
DENYING AS MOOT APPELLEES' SUBSEQUENT MOTION TO DISMISS**
(docket no. 7)**, DISMISSING INTERLOCUTORY APPEAL WITHOUT PREJUDICE**

In this bankruptcy appeal, Defendant/Appellant Beth Tracy Stollman ("Stollman") has appealed the bankruptcy court's order granting partial summary judgment to Plaintiffs/Appellees ("Appellees"). Appellees then moved, in two separate motions, to dismiss Stollman's interlocutory appeal. In response, Stollman later filed a one-page "Consent to Dismissal" indicating that she consents to the dismissal of her interlocutory appeal, provided the dismissal is without prejudice, and that she be allowed to re-file her appeal once the underlying bankruptcy action has resulted in a final judgment. Appellees respond to Stollman's notice requesting that the dismissal be *with* prejudice. For the reasons stated below, the Court will grant Appellees' initial motion to dismiss, and will dismiss the interlocutory appeal without prejudice, thereby rendering moot Appellees' subsequent motion to dismiss. In addition, the Court will issue an order to show cause as

to why counsel for Stollman should not be sanctioned under 28 U.S.C. § 1927 for "unreasonably and vexatiously" multiplying these proceedings.

## FACTS AND DISCUSSION

Stollman filed for Chapter 7 bankruptcy. In this adversary proceeding, Appellees seek to except from discharge certain debts owed them by Stollman for professional services rendered prior to her bankruptcy filing. Appellees also seek to deny Stollman's chapter 7 discharge, based on her alleged improper conduct prior to filing for bankruptcy. Appellees moved for partial summary judgment seeking judgment with respect to their request to except from discharge certain debts owed to them. Bankruptcy Judge Phillip J. Shefferly granted Appellees' motion, in part. Judge Shefferly found that Stollman is indebted to Appellees for various amounts, portions of which are non-dischargeable under Chapter 7. The order granting partial summary judgment did not resolve all claims in the adversary proceeding, as Appellees' remaining claims are still pending. Stollman nevertheless filed an appeal of the interlocutory order.

Appellees promptly filed a motion to dismiss Stollman's appeal on grounds that the appeal was interlocutory, for which Stollman was required, but failed, to seek leave of the Court before filing. *See* 28 U.S.C. § 158(a)(3). They assert that to the extent the Court is inclined to treat the notice of appeal as a motion for leave to take an interlocutory appeal, it should be denied inasmuch as the appeal does not involve a controlling question of law, there is no substantial ground for difference of opinion regarding the correctness of the order, and an immediate appeal will not materially advance the ultimate termination of the litigation. *See In Re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002); *In Re A.P. Liquidating Co.*, 350 B.R. 752, 755 (Bankr. E.D. Mich. 2006).

The Court received from the clerk of the bankruptcy court Designations of Record on Appeal for Appellees and Appellant. It appeared that Appellant would proceed with her interlocutory appeal. Appellees subsequently filed a second motion to dismiss the interlocutory appeal on grounds that Stollman had failed to prosecute her appeal by failing to respond to Appellees' first motion to dismiss and failing to file any appellate brief, let alone one within the time required by the Federal Rules of Bankruptcy Procedure. *See* Fed. R. Bankr. P. 8009(a)(1). Appellees further assert that Stollman has taken no steps in prosecuting her appeal. Appellees request that the appeal be dismissed. They did not, at that time, request that dismissal be with prejudice.

Shortly after Appellees filed their second motion to dismiss, Stollman filed a "Consent to Dismiss" in which she states that she, "by and through her counsel, Nathan Zousmer, P.C. hereby consents to dismissal of her appeal without prejudice as to her right to re-file the appeal at such time as all claims in the underlying bankruptcy case are resolved." Docket no. 8. Nearly one month later, Appellees filed a "reply brief" in which it argues that Stollman's appeal should be dismissed *with prejudice*. This is the first time Appellees have requested that dismissal be with prejudice.

In their reply brief, Appellees argue, for the first time, that any argument not presented in an appellant's initial brief is waived, *see Marks v. Newcourt Credit Group, Inc.*, 342 F.3d 444, 462 (6th Cir. 2003), and since Stollman failed to file *any* appellate brief, she waived her right to appeal Judge Shefferly's order granting partial summary judgment to Appellees. They claim that Stollman should not be allowed to unilaterally give herself the opportunity to have a "second bite at the apple" by simply filing her Consent to Dismissal agreeing to dismiss her appeal without prejudice. Def. Reply Br. p. 2. Appellees further state that they have not consented to a dismissal without prejudice and that it would be unfair to dismiss

3

the appeal without prejudice given that Appellees have spent considerable time, and incurred significant costs and expenses in opposing Stollman's appeal. *Id.* at 2-3.

The Court will grant Appellees' first motion to dismiss. Stollman has consented to the dismissal of her interlocutory appeal, provided it is without prejudice. The Court therefore, will dismiss, without prejudice, Stollman's interlocutory appeal. The Court finds that dismissal of her appeal *with* prejudice, as Appellees request, would be improper in this instance, where the merits of the appeal have yet to be advanced or argued by either party. Stollman has not had an initial "bite at the apple." Neither party filed an appellate brief setting forth the merits *vel non* of the appeal. The appeal was only in its early stages, and it would be unduly prejudicial for the Court to dismiss the appeal with prejudice.

Furthermore, it was only after Stollman consented to dismissal of her appeal that Appellees urged the court to dismiss her interlocutory *with* prejudice. In both of their motions to dismiss, Appellees requested only that the Court dismiss the interlocutory appeal, not that the dismissal be with prejudice. *See* Motion to Dismiss, docket no. 2, prayer for relief and br. in support, p. 7; Motion to Dismiss, docket no. 7, prayer for relief and br. in support, p. 4. In neither of their motions did Appellees set forth any authority for dismissing the appeal with prejudice. It was only in their reply brief did they request that the dismissal be with prejudice. Generally, new arguments or issues are waived when they are raised for the first time in a reply brief. *See Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008); *NLRB v. Int'l Health Care, Inc.*, 898 F.2d 501, 506 n. 5 (6th Cir. 1990). The Court considers Appellees to have waived their claim that the appeal of Judge Shefferly's order granting partial summary judgment be dismissed with prejudice.

Alternatively, the Court could construe Stollman's Consent to Dismissal as a notice of dismissal under Fed. R. Civ. P. 41(a)(1)(A)(i) in which case since the notice states that

dismissal is without prejudice, the dismissal is without prejudice. *See* Fed. R. Civ. P. 41(a)(1)(B) ("Unless the notice or stipulation states otherwise, the dismissal is without prejudice."). Although answers and motions for summary judgment, *see* Fed. R. Civ. P. 41(a)(1)(A)(i), are not appropriate in bankruptcy appeals, the Court finds the equivalent of such a pleading in a bankruptcy appeal to be an appellate brief, which no party has filed in this action.

The Court could even consider Stollman's Consent to Dismissal as a request for dismissal under Fed. R. Civ. P. 41(a)(2), which the Court must approve. The last sentence of this provision implicitly permits the district court to dismiss an action *with* prejudice in response to a plaintiff's motion to dismiss *without* prejudice. *United States v. 266 Tonawanda Trail*, 95 F.3d 422, 425 (6th Cir. 1995). Before doing so, however, the district court must give the plaintiff the opportunity to withdraw the request for voluntary dismissal and proceed with the litigation. *Id.* at 436. The Court does not think it wise to allow Stollman to withdraw her Consent to Dismissal, because the interlocutory appeal is meritless and prosecution of the appeal would be futile. It would be more prudent to allow Stollman to appeal the bankruptcy court's final judgment rather than its interlocutory order. Because the Court will not give Stollman the opportunity to withdraw her voluntary dismissal and proceed with the interlocutory appeal, the Court cannot convert her request for dismissal without prejudice into a dismissal with prejudice. Accordingly, for all the reasons stated above, the Court will grant Appellees' motion to dismiss Stollman's interlocutory appeal -- along with Stollman's consent thereto -- without prejudice. This dismissal renders moot Appellees' motion to dismiss the appeal for failure to prosecute.

Finally, Appellees request in both motions, as well as in their reply brief, that the Court award costs and attorney's fees incurred by Appellees in having to respond to Stollman's

notice of appeal. 28 U.S.C. § 1927 provides that "[a]ny attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Sanctions under section 1927 are appropriate where an attorney has engaged in some sort of conduct that, from an objective standpoint, "falls short of the obligations owed by the member of the bar to the court and which, as a result, causes additional expense to the opposing party." *Shepard v. Wellman*, 313 F.3d 963, 969 (6th Cir. 2002) (quotation and citation omitted). Simple inadvertence and negligence, however, are not grounds for imposing section 1927 sanctions. *Id.*

The Court here finds that counsel's conduct in filing a notice of appeal, going so far as to designate a Record on Appeal, failing to then file an appellate brief or respond to Appellees' multiple motions to dismiss, only to then file a one-page statement consenting to dismissal of the appeal without prejudice over two months after filing the appeal, is potentially sanctionable. The Court will order counsel for Stollman, specifically, Michael I. Zousmer, to show cause why he should not be sanctioned under 28 U.S.C. § 1927 for vexatiously multiplying the appellate proceedings before this Court, and be required to pay the "costs, expenses, and attorneys' fees reasonably incurred" because of his conduct in filing a meritless notice of appeal. If sanctions are imposed, counsel for Appellees will then be ordered to submit a listing of the costs, expenses, and attorneys' fees incurred in moving to dismiss Stollman's notice of appeal.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that:

- Appellees' motion to dismiss Stollman's Notice of Interlocutory Appeal (docket no. 2) is **GRANTED**.

- Appellees' motion to dismiss Stollman's Interlocutory Appeal for Failure to Prosecute and/or Failure to Respond to Motion to Dismiss Notice of Interlocutory Appeal (docket no. 7) is **DENIED** as moot.

- Within 14 days of the date of this order, Michael I. Zousmer shall **SHOW CAUSE** in writing, not to exceed 10 pages, why he should not be sanctioned under 28 U.S.C. § 1927 and required to pay the costs, expenses, and attorneys' fees reasonably incurred by Appellees in moving to dismiss Stollman's notice of appeal. Within 14 days of Zousmer's response, Appellees may file a response, not to exceed 10 pages, supporting its request for costs, expenses, and attorneys' fees.

**SO ORDERED.**

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: March 22, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 22, 2010, by electronic and/or ordinary mail.

Alissa Greer
Case Manager